IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


CLAUDE C. HENDRYX                                             PLAINTIFF

v.                                    CIVIL NO. 20-cv-2156

ANDREW SAUL, Commissioner                                    DEFENDANT
Social Security Administration

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Claude C. Hendryx, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

I.     **Procedural Background:**

Plaintiff protectively filed his current application for DIB on March 22, 2018, alleging an inability to work since November 30, 2017, due to mixed hyperlipidemia, low back pain, a lipid metabolism disorder, morbid obesity, depressive disorder, benign essential hypertension, coronary arteriosclerosis, left ventricular hypertrophy, allergic rhinitis, and a renal mass. (Tr. 76, 2682). An administrative hearing was held on March 26, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 76, 2523-2564).

On March 8, 2019, the ALJ issued an unfavorable decision. (Tr. 76-87). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of

impairments that were severe: morbid obesity, coronary artery disease, left ventricular hypertrophy, osteoarthritis/degenerative joint disease of the right shoulder status post-multiple surgeries including hemi-arthroplasty, degenerative joint disease of the cervical spine, gout, bilateral calcaneal spurs, degenerative joint disease of the bilateral knees, sleep apnea, insomnia and hypertension. (Tr. 78-80). However, after reviewing all evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Appendix I to   Subpart P of 404, Regulation No. 4. (Tr. 80). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except that he could occasionally climb, balance, stoop, kneel, crouch, and crawl; and could occasionally reach and work overhead with his right upper extremity. (Tr. 80-86).

With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform his past relevant work as a motor vehicle dispatcher, as performed. (Tr. 86-87). The ALJ found Plaintiff had not been under a disability, as defined by the Act, from November 30, 2017, through the date of his decision. (Tr. 87).

Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on February 6, 2020. (Tr. 6-7). Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs and this case is before the undersigned for report and recommendation. (ECF Nos. 18, 19). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

### I.      Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but is enough that a reasonable mind could accept as adequate to support a conclusion. *Ponder v. Colvin*, 770 F.3d 1190, 1193-94 (8th Cir. 2014). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964,966 (8th Cir. 2003). So long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F. 3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that has lasted for at least one year and that prevents him or her from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423 (d)(3), 1382(3)(C).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing the claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given claimant's age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final step is reached does the fact finder consider the claimant's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R § 404.1520.  While the burden of production shifts to the Commissioner at step five, the burden of persuasion to prove disability and to demonstrate RFC both remain with the claimant. *Stormo v. Barnhart*, 377 F. 3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five.").

## II.    Discussion

Plaintiff raises the following issues in this matter: 1) whether the ALJ's physical RFC assessment was consistent with the evidence; 2) whether the ALJ erred in his analysis of Plaintiff's subjective complaints; and 3) whether the ALJ erred by finding Plaintiff could return to his past relevant work as a motor vehicle dispatcher as he performed the job. (ECF No. 18).

Of particular concern to the undersigned is the ALJ's finding that Plaintiff would be able to perform his past work as a Motor Vehicle Dispatcher, as performed. The ALJ did not explicitly consider whether Plaintiff's employment as a dispatcher for the city was a composite job, despite Plaintiff's testimony that he was required to drive a bus as part of that job. (Tr. 2531-33). The DOT lists Motor Vehicle Dispatcher as a sedentary job, while Bus Driver is a medium exertional level job. *See* 249.167-014 Dispatcher, Motor Vehicle, DICOT 249.167-014, 913.463-010 Bus Driver, DICOT 913.463-010. The DOT does not include driving a bus as one of the duties of a Motor Vehicle Dispatcher. *Id*. The ALJ failed to question the VE as

4

to whether dispatcher jobs generally require occasional bus driving. (Tr. 2560-63). While the ALJ did question the VE regarding the requirements of the Motor Vehicle Dispatcher job, he did not ask whether Plaintiff would be able to perform this job, either as defined in the DOT or as actually performed. (Tr. 2560-63). The DOT specifies, and the VE testified, that this job requires frequent reaching. (Tr. 2560). The ALJ found, in his RFC determination, that Plaintiff would be limited in this area: "He can occasionally reach and work overhead with his right upper extremity." (Tr. 80). This is facially incompatible with the requirements of the dispatcher job according to both the DOT and the VE's testimony. The Court finds remand is necessary to allow the ALJ to clarify his RFC findings and procure further evidence from a VE regarding whether there are any jobs Plaintiff would be able to perform.

On remand, the ALJ is directed to clarify his RFC findings, specifically addressing whether Plaintiff is limited solely in overhead reaching or if Plaintiff has a general reaching limitation with his right upper extremity. The ALJ shall then enlist the assistance of a VE to determine whether Plaintiff would be able to perform the job of Motor Vehicle Dispatcher and, if he would be unable to perform this job, whether he would be able to perform other jobs.[1] If the ALJ determines further evidence is necessary to clarify Plaintiff's reaching limitations, the ALJ may order a consultative examination, in which the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

---

[1] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014) the Eighth Circuit noted that the necessary resolution of this identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.

### III.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of June 2021

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE